IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA

IN RE:                                    )    Bankruptcy Case No. 16-01240-DD
                                          )    Chapter 11
Jesse Demetrios Moskos                    )
                                          )    **PLAN**
                    Debtor.               )

TABLE OF CONTENTS

I.    DEFINITIONS
II.   FUNDING OF PLAN
III.  CLASSIFICATIONS OF CLAIMS AND TREATMENT OF CLASSES
IV.   MONITORING OF PLAN
V.    MODIFICATION OF PLAN
VI.   ALTERNATIVES TO REORGANIZATION AND RISKS TO CREDITORS
VII.  RETENTION OF JURISDICTION

## I. DEFINITIONS

A.   Filing Date of this case was March 13, 2016 with case being converted to Chapter 11 on June 6, 2016.

B.   The Code is 11 U.S.C. §101, *et seq*.

C.   The Court shall mean the United States Bankruptcy Court for the District of South Carolina.

D.   The Debtor shall mean Jesse Moskos.

E.   Chapter 11 shall mean a case being administered under 11 U.S.C. §1101, *et seq*., for the reorganization of the indebtedness of the Debtor.

F.   The Case shall mean these proceedings under Chapter 11.

G.   Chapter 7 shall mean a case administered under the Chapter of the Code, 11 U.S.C. §701, *et seq*., whereby parties identical to Debtor, with identical assests and liabilities, have their assets liquidated.

H.   The Plan shall mean this Plan of Reorganization of the Debtor under Chapter 11.

I.   The Rules shall mean the Bankruptcy Rules, the Federal Rules of Civil Procedure, and the Local Rules of the Court.

J.     <u>Claims</u> shall mean any right to payment from the Debtor held by any person or entity.

K.     <u>Allowed Claims</u> shall mean all claims or interests proven and allowed by the Court, pursuant to the Code, excluding interest, carrying charges, penalties, late charges, and other such add-on costs, attorney's fees, and other charges for collection of claims.

L.     <u>Priority Claims</u> shall mean all claims entitled to priority status under §507 of the Code. This includes, generally, all wages as allowed by the Debtor, all taxes owing to the United States and State or local taxing authorities, funds deposited with the Debtor, all debts incurred and unpaid since the filing of this case, and all statutory costs assessed or assessable by the Court, such as expenses and costs of administration of the estate.

M.     <u>Secured Claims</u> shall mean all claims fully or partially secured by real estate mortgages, security agreements, chattel mortgages, lease-purchase agreements, liens or other indentures entitled to secured status under the Code.

N.     <u>Unsecured Claims</u> shall mean all claims, provable and allowable, of the Debtor, other than Secured and Priority Claims.

O.     <u>Unimpaired Class</u> shall mean any class of claims which is not affected by this Plan of Reorganization and which is entitled to, and shall receive under this Plan, full payment pursuant to contract or agreement with the Debtor, or which meets the definition of the Bankruptcy Code.

P.     <u>Impaired Class</u> shall mean any class of claims which is affected by the Plan of Reorganization, and where rights are adversely affected by this Plan of Reorganization.

Q.     <u>Acceptance</u> of this Plan is based upon 51% affirmative vote in number and 67% affirmative vote in dollars of each class of creditors whose indebtedness is impaired by this Plan, if a class of creditors which is subordinate to such impaired class receives more than the subordinated class would in a Chapter 7 proceeding. An unimpaired class is deemed to have accepted the Plan.

R.     <u>Confirmation</u> of this Plan means the Order issued by the Court implementing the Plan after it finds that the Plan: 1) has been accepted by the requisite number of creditors eligible to vote thereon, 2) is feasible, 3) is fair and equitable, and 4) meets all requirements of 11 U.S.C. §1123.

S.     <u>Effective Date</u> of this Plan shall be sixty (60) days after the date on which the Plan is confirmed.

T.  <u>Consummation</u> of the Plan is final when any payments required by the Plan and/or transfers contemplated by the Plan have been commenced.

U.  <u>Disbursing Agent</u> is that agent empowered by the Court to receive the funds necessary to carry out the provisions of the Plan. Subject to the approval of the Court, Debtor will serve as its own disbursing agent.

## II. FUNDING OF THE PLAN

The funding of Debtor's Plan will come from the continued operations of Debtor pursuant to the terms of its Plan.

## III. CLASSES OF CLAIMS AND PAYMENTS ARE AS FOLLOWS

### *Class I*

Class I is the administrative claims. Class I claims include claims under 11 U.S.C. §507(a) other than §507(a)(8) claims. Class I includes the attorney fees for Drose Law Firm, general counsel for the Debtor. Fees owed administrative claimants shall be paid in full on the effective date of the plan.

### *Class II*

Class II is the combined secured claim of UCB. All monies owed to this creditor shall be paid in monthly installments of $3,270.00 beginning January 1, 2017, so that these claims are paid in full with interest of four percent (4)% interest per annum. UCB shall retain its lien on all properties until paid in full. In the event that any of the properties that are collateral for the debt owed to UCB is sold during the life of this plan, UCB shall be required to release its mortgage in the event that all the net proceeds are paid to UCB. **This Class is impaired.**

### *Class III*

Class III is the secured claim of NationStar. This creditor is to be paid pursuant to the Loan Modification agreement between the parties. This creditor has lowered its principal balance of $183,969.00 to $147,000.00 and has agreed to be paid $994.11 monthly until the balance is paid in full. **This Class is impaired.**

## IV. MONITORING OF THE PLAN

The Unsecured Creditors' Committee has not been formed in this case.

## V. MODIFICATION OF THE PLAN

The Debtor may amend or modify the Plan at any time prior to the entry of an Order Confirming the Plan without approval of the Court. Subsequent to the entry of the Order

Confirming the Plan, the Debtor may modify the Plan before substantial confirmation of the Plan with the approval of the Court.

### VI. ALTERNATIVE TO REORGANIZATION AND RISKS TO CREDITORS

It does not appear that the unsecured creditors would receive any payment in the event that this case was converted to a Chapter 7.

### VII. RETENTION OF CONFIRMATION JURISDICTION

A. Confirmation of the Plan discharges the Debtor from all pre-confirmation debts except as provided in the Plan, the Order Confirming the Plan or §1141(d) of the Bankruptcy Code. Confirmation vests all property of the estate in the Debtor and binds the Debtor, its Creditors and other parties regardless of whether they have accepted the Plan.

B. Subsequent to the Confirmation of the Plan, the Court will retain jurisdiction to hear and determine any objection to claims against the Debtor and any motion and/or adversary proceeding which the Debtor may commence, including an action to determine the validity, priority, and extent of the liens against the Debtor's assets by any secured Creditor.

DROSE LAW FIRM

By: /s/ R. Michael Drose
R. Michael Drose
Attorneys for the Debtor
District Court ID No. 609
3955 Faber Place Drive, Suite 103
Charleston, SC 29405
Phone: (843) 767-8888
Facsimile: (843) 767-3290
drose@droselaw.com

Charleston, South Carolina
This 13th day of December, 2016.